UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

        v.

DANIEL DAVID MARTINEZ,

                    Defendants.

NO. CR-07-2022-EFS-2

**ORDER RULING ON PRETRIAL
MOTIONS AND CONTINUING
PRETRIAL AND TRIAL AND
EXCLUDING SPEED TRIAL ACT TIME**

On July 2, 2007, the Court held a hearing in the above-captioned matter. Defendant Martinez was present, represented by Kenneth Therrien, and James Hagarty appeared on behalf of the Government. Before the Court were Defendant's Motion for Discovery (Ct. Rec. 21), Motion *in Limine* (Ct. Rec. 62), and Motion Appealing Detention Order (Ct. Rec. 69). At the hearing Defendant advised the Court that he joins in Co-Defendant Alonzo-Flores' Motion to Continue (Ct. Rec. 79). After reading submitted material and relevant authority and hearing oral argument, the Court was fully informed. This Order serves to supplement and memorialize the Court's oral rulings.

ORDER * 1

# I. Defendant's Motion for Discovery

As part of Defendant's motion, Defendant made 21 separate requests for discovery.  The Court addressed the requests as follows:

1. Defendant's Statements - the Government having already provided Defendant's statements, this request is DENIED AS MOOT.

2. Documents, Statements, Reports, and Tangible evidence - the Government having already provided the requested material, this request is DENIED AS MOOT.

3. Prior Record/Other Acts Evidence - GRANTED (the Government shall provide Defendant with any additional information it obtains regarding Defendant's criminal history, and what evidence if any it intends to introduce at trial).

4. Seized Evidence - GRANTED (the Government shall make seized evidence available for examination by counsel for Defendant).

5. Agent's Reports, Notes, Memos - DENIED AS MOOT IN PART (discoverable material already provided) and DENIED IN PART (rough notes and memos are not discoverable).

6. Other Docuemts/Tangible Evidence - the Government has no objection to this request.  GRANTED.

7. Bias of Government Witnesses - GRANTED (the Government shall provide any such evidence of which it becomes aware).

8. Prior Record/Other Acts of Government Witnesses - GRANTED (the Government shall provide any such evidence of which it becomes aware).

9. Investigation of Witnesses - GRANTED (the Government shall provide any such evidence of which it becomes aware).

10. Evidence Regarding Ability to Testify - GRANTED (the Government shall provide any such evidence of which it becomes aware).

ORDER * 2

11. Personnel Files - GRANTED IN PART (the Government will review and provide the requested information regarding personnel files of federal agents and state agents if they were involved in a federal task force).

12. Government Witnesses - Because neither party is required to provide a list of witnesses, this request is DENIED.

13. Other Witnesses - Defendant requests the names and addresses of all witnesses to the alleged crimes who will not be called by the Government.  The Government did not respond directly to Defendant's request.  As noted above, neither party is required to provide a list of witnesses, therefore, Defendant's request is DENIED.

14. Favorable Testimony - GRANTED (the Government shall provide any such evidence of which it becomes aware).

15. Specific Inquires of Agents - the Government has agreed to make the requested inquiry and will provide a supplemental report if needed. GRANTED.

16. Rule 26.2 Material - GRANTED (the Government shall provide any additional information required by Federal Rule of Criminal Procedure 26.2 and the Jencks Act).

17. Expert/Resumes - GRANTED IN PART (the Government will provide any additional information regarding their experts within 30 days of the date of this Order).

18. Expert's Reports and Summaries - GRANTED (the Government will provide any additional material required under Rule 16 within 30 days of the date of this Order).

19. Confidential Informants and Related Information - GRANTED IN PART (if the Government intends to call the confidential informant as a

ORDER * 3

witness at trial, the Government must disclose the requested information no later than October 5, 2007).

20. Promises or Deals with Government Witnesses - GRANTED IN PART (if the Government intends to call the confidential informant as a witness at trial, the Government must disclose the requested information no later than October 5, 2007).

21. Minutes of Grand Jury - the Government argues that it does not have possession or control of the minutes of the Grand Jury proceedings. DENIED.

22. Grand Jury Transcripts - GRANTED IN PART (the Government shall provide grand jury transcripts no later than two weeks prior to trial).

23. Statement by Government of Refusal to Provide Evidence - GRANTED (the Government shall specifically indicate any requested material that it refuses to produce).

## II. Motion *in Limine*

Defendant seeks to exclude from evidence recordings of conversations that he did not participate in.  Defendant predicts that the Government will offer such recordings as non-hearsay under Federal Rule of Evidence 801(d)(2)(E).  Therefore, Defendant requests that an evidentiary hearing be held in order for Defendant to have the opportunity to dispute the admission of such evidence.

The Court finds that an evidentiary hearing is not warranted at this time, therefore, Defendant's Motion *in Limine* is DENIED WITH LEAVE TO RENEW prior to the introduction of such evidence at trial.

## III. Appeal of Detention Order

If there is probable cause to believe that an individual committed a drug offense for which the maximum term of imprisonment is 10 years or

ORDER * 4

more, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person at subsequent hearings.  18 U.S.C. § 3142(e).  A defendant must overcome the presumption that they will not appear in order to qualify for release pending trial.  Defendant has requested release pending trial in order to allow Defendant to participate in a drug treatment program.

Here, the Government has established probable cause to believe Defendant committed a drug offense for which the maximum term of imprisonment is more than 10 years.  Therefore, Defendant must overcome the presumption that he will not appear.

In order to allow the parties to brief this issue more thoroughly, the Court HOLDS IN ABEYANCE Defendant's Appeal of Detention Order (Ct. Rec. 69).  The hearing on this matter is continued to Wednesday, August 1, 2007, at 9:00 a.m. in Yakima.

### IV. Motion to Continue

Counsel for Defendant indicated he had not had time to fully review the extensive discovery involved in this matter nor had he met with his client regarding potential offers from the Government.  In connection with the motion to continue, Defendant filed a Statement of Reasons in which he personally requested a continuance and asserted a belief that the requested continuance is needed for counsel to review discovery and prepare the case for trial (Ct. Rec. 92).

To ensure defense counsel is afforded adequate time to review discovery and prepare for trial, the Court grants Defendant Martinez's request to join in Defendant Alonzo-Flores' motion to continue by extending the pretrial motion deadline and resetting the currently-scheduled pretrial conference and trial dates.  In addition, because the

ORDER * 5

Court finds Defendant's request for a continuance was knowing, intelligent, and voluntary and the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant in a speedy trial, the delay resulting from Defendant's motion is excluded under the Speedy Trial Act.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Martinez's Motion for Discovery **(Ct. Rec. 21)** is **GRANTED IN PART** and **DENIED IN PART** (as articulated above).

2. Defendant Martinez's Motion in Limine **(Ct. Rec. 62)** is **DENIED.**

3. Defendant Martinez's Appeal of Detention Order **(Ct. Rec. 69)** is **HELD IN ABEYANCE.**  Defendant's Appeal of Detention Order will be heard on **August 1, 2007,** at **9:00 a.m.** in **Yakima.**

4. The Court finds, given defense counsel's need for time to review discovery and prepare for trial, the Court's failure to grant the continuance would result in a miscarriage of justice and would deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(8)(B)(i), (iv).  The Court, therefore, finds the ends of justice served by granting the continuance in this matter outweighs the best interest of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(8)(A).

5. All pretrial motions, including motions *in limine* and *Daubert* motions, must be filed and served **NO LATER THAN August 31, 2007.** Responses and replies to any motions shall be filed and served in accordance with LR 7.1(c) and (d).

6. The **Pretrial Conference** is **reset from July 2, 2007,** to **October 17, 2007,** at **9:00 a.m.** in **Yakima**, Washington. At this hearing, the Court

ORDER * 6

will hear all pretrial motions, including motions *in limine* and *Daubert* motions.

7. Trial briefs, requested voir dire, and joint proposed jury instructions shall be filed and served **NO LATER THAN October 26, 2007.** Joint jury instructions should only address issues that are unique to this case, and shall include instructions regarding the elements of each claim or defense, and a proposed verdict form.

8. The **jury trial** is **reset from July 30, 2007,** to **November 5, 2007,** at **9:00 a.m.** in **Yakima,** Washington. **Counsel shall meet with the Court in Chambers at 8:15 a.m. on the day of trial. Any motions unaddressed at the pretrial conference shall be heard in open court on the day of trial at 8:30 a.m., at which time Defendant shall be present.**

9. Pursuant to 18 U.S.C. § 3161(h)(8)(B)(i) and (iv), the Court **DECLARES EXCLUDABLE from Speedy Trial Act calculations** the period from **July 2, 2007,** the date of the hearing on this matter, through **November 5, 2007,** the new date of the trial, as the period of delay granted for adequate preparation by counsel for Defendant.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel, the U.S. Probation Office, the U.S. Marshal, and the Jury Administrator.

**DATED** this _____3rd_____ day of July 2007.


_____S/ Edward F. Shea_____
EDWARD F. SHEA
United States District Judge

Q:\Criminal\2007\2022.2.exclude.time.2.wpd

ORDER * 7